UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-213 (HHK) |
| | : | |
| v | : | |
| | : | |
| CHARLES TUCKER | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

**Other Crimes and Bad Acts by the Defendant**

The government seeks to introduce at trial evidence relating to the defendant's prior possessions of handguns and ammunition. Specifically, on August 8, 2000, the defendant was charged in Prince George's County, Maryland, with two counts of Reckless Endangerment, Wearing a Handgun, and Possession of a Regulated Firearm by a Person under 21 Years of Age. On December 8, 2000, the defendant pled guilty to Reckless Endangerment and Wearing a Handgun. The government does not seek to introduce the underlying facts of this case, which involved the defendant shooting the complainant in the abdomen, but only that he possessed a handgun and was convicted of a crime related to that possession.

The government also seeks to introduce evidence relating to District of Columbia Criminal Case Number 04-047. Specifically, on January 7, 2004, at approximately 1:45a.m., in front of xxxx xxxx xxxxxxxx xxxxxx, x.x., Washington, D.C., the defendant was stopped by members of the Metropolitan Police Department. The defendant stated to the officers, "man I got a gun on me." In response, officers seized a FEG .45 caliber semi-automatic handgun, serial number AA005197, loaded with 9 live rounds of .45 caliber ammunition, from the defendant's waistband. On October 6, 2004, the defendant pled guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

## Legal Analysis and Argument

Evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). In determining admissibility of 404(b) evidence, courts undertake a two part analysis. Initially, the Court considers whether the evidence is relevant pursuant to the standard set forth in Rule 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[1] If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value. See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987

---

[1] In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a). Huddleston v. United States, 485 U.S. 681 (1988).

(D. C. Cir. 1984).[2]  In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson, 802 F.2d 1459, 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)); United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004)(not admissible if possession alleged by the government is actual).

Subject to balancing, a court should admit 404(b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine). See United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment). As the Court recognized in United States v. Moore, supra, 732 F.2d at 991, "the intent with which a person commits an act on a given

---

[2]  Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant.  However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded.  United States v. Moore, supra, 732 F.2d at 989.  In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 113 S. Ct. 1287 (1993).

occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . ..." See also United States v. Washington, supra, 969 F.2d at 1080-1081 (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake).[3]

Numerous cases establish that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence. This Circuit has not hesitated to permit the introduction of the possession of another firearm as 404(b) evidence in a firearm case. In United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994), the defendant had been charged with six drug charges and two firearms charges. In addressing the issue of joinder raised by the defendant on appeal, the Court also addressed the issue of cross-admissibility of evidence pursuant to Fed. R. Evid. 401, 402, 403, and 404(b). In that case, the police executed a search warrant at the home of the co-defendant and there recovered drugs and guns in a safe. When arrested three months later, defendant Brown was carrying

---

[3] See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute), cert. denied, 115 S. Ct. 257 (1994); United States v. Springs, 936 F.2d 1330, 1332-1333 (D.C. Cir. 1991) (in case charging possession with intent to distribute cocaine, court held that possession of a beeper and tickets showing repeated travel to New York admissible to prove defendant's knowledge or intent, even if the possession might be considered probative of defendant's character or evidence of an extrinsic act); United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge); United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

a pistol and pager. In affirming defendant Brown's conviction, the court held that the pager and gun found on the defendant when he was arrested would have been admissible as 404(b) evidence had he been tried only on the gun and drug charges arising from the search warrant. Id. at 430-31.

Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. The Court next found that the evidence was more probative than prejudicial because the gun found during the arrest "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432; see also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities as well as prior possession of a firearm was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of prior possession of firearm properly admitted over Rule 403 objection as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) ( in prosecution for possession of unregistered machine gun, evidence of defendant's subsequent possession of handguns properly admitted over Rule 403 objection as proof of defendant's "knowledge, and absence of mistake or accident"); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (evidence of prior gun possession properly admitted over Rule 403 objection to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) ( in trial for carrying a firearm in

connection with a drug trafficking crime, evidence of prior gun possession properly admitted over Rule 403 objection because prior possession was probative of knowledge). Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident. See also United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).

Evidence of the prior possession of a firearm by the defendant is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence in a felon-in-possession case brought under 18 U.S.C. § 922(g), even if the defendant agrees to stipulate that he was previously convicted of a crime punishable by imprisonment for more than one year. In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that when a defendant in a felon-in-possession case offers to stipulate to his status as a felon, "evidence of the name or nature of the prior offense generally carries the risk of unfair prejudice." Id. at 185. Where such a risk substantially outweighs the probative value of the details of the prior conviction, it is an abuse of discretion not to accept an admission in a stipulation. Id. at 190-91. This normally applies, however, "only when the record of conviction would not be admissible for any purpose beyond proving status." Id. at 190. It does not apply if there is another "justification for receiving evidence of the nature of the prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident')," such as under Rule 404(b) of the Federal Rules of Evidence. Id. (quoting F.R.Evid. 404(b)). In such a case Rule 404(b) would "guarantee[] the opportunity to seek its admission. Id. In the present case, the defendant's prior convictions are admissible for purposes beyond proving status, and Rule 404(b) of the Federal Rules of Evidence justifies the admission of evidence of the prior firearm possession.

Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted). Accord Zafiro v. United States, 506 U.S. 534, 540-41.

If at anytime, before or during trial, the government learns of additional potential 404(b) evidence it will promptly advise the Court and counsel.

WHEREFORE, the United States respectfully requests that this Court grant its motion to introduce 404(b) evidence at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
(202)616-3384; Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 21st day of June 2005.

_____
Catherine Connelly
Assistant United States Attorney