UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-213 (EGS) |
| v. | : | |
| CHARLES TUCKER | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO SUPPRESS PHYSICAL EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to suppress physical evidence. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially the following: on May 4, 2005, at approximately 4:40 p.m., members of the Metropolitan Police Department's Sixth District Focus Mission Team were on patrol in southeast Washington, DC. When the team arrived in the 5000 block of D Street, SE, Officers Sepulveda and Siegel saw the defendant, Charles Tucker, pull a silver object from his waistband and lean down next to a dark vehicle. As the defendant leaned over, the officers heard a loud clinking noise, as if metal was hitting concrete. The defendant then stood up quickly and kicked the object he had just placed next to the car. The defendant was stopped, and Officer Royster located a silver .22 caliber Jennings handgun underneath the dark colored vehicle. The handgun was loaded with 6 rounds of .22 caliber ammunition.

**Argument**

**The Officers Had Reasonable, Articulable Suspicion to Stop Defendant**

Terry v. Ohio, 392 U.S. 1 (1968) permits police officers to temporarily "seize" a person under certain circumstances, namely in brief encounters between a citizen and the police on public streets, which require swift action because of observations the officer has made. Id. at 20. The officer may briefly "seize," or detain the citizen if he has a reasonable, articulable suspicion that "criminal activity may be afoot." Id. at 30. The officer need not be certain that the citizen is engaged in criminal activity; reasonable suspicion "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Thus, a Terry stop may be conducted simply "on the need to 'check out' a reasonable suspicion." United States v. Clark, 24 F.3d 299, 303 (D.C. Cir. 1994). Furthermore, a stop under Terry has occurred when either an officer physically lays a hand on an individual, or where the officer asserts his authority and the individual submits to that show of authority. California v. Hodari D., 499 U.S. 621, 627 (1991).

Because such a stop may occur on a reasonable suspicion, whether such suspicion existed in a particular situation is determined by the totality of the circumstances. Courts may not scrutinize each possible factor upon which the officer relied on in a separate and distinct manner. United States v. Sokolow, 490 U.S. 1, 8-9 (1989). "An officer on the beat does not encounter discrete, hermetically sealed facts," and for that reason while "a single factor might not itself be sufficiently probative of wrongdoing to give rise to a reasonable suspicion, the combination of several factors – especially when viewed through the eyes of an experienced officer – may." United States v. Edmonds, 240 F.3d 55, 59-60 (D.C. Cir. 2001).

In the instant situation, Officers Sepulveda and Siegel had reasonable articulable suspicion to conduct a Terry stop of the defendant based on their observations. Upon entering a high crime area, the officers saw the defendant pull a silver object from his waistband, and quickly lean down near a car. As the defendant leaned down, officers heard a loud noise, which sounded like metal hitting concrete. The defendant then stood up quickly and kicked something. Based on these actions, the officers had reason to suspect that the defendant had dropped a firearm or other weapon. Thus, in light of the totality of the circumstances, viewed through the eyes of an experienced officer, the officers had a reasonable articulable suspicion to stop the defendant.

**The Officers Had Probable Cause to Arrest Defendant**

"Probable cause to arrest requires the existence of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense." United States v. Wesley, 293 F.3d 541, 545 (D.C. Cir. 2002) (quotations and citations omitted). The probable cause standard merely requires the showing of a "fair probability" that a crime has been or is being committed. See Illinois v. Gates, 462 U.S. 213, 246 (1983) ("probable cause does not demand the certainty we associate with formal trials[;] [i]t is enough that there was a fair probability"). If the police have probable cause for an arrest, they may make a full search of the arrestee and the area within the arrestee's immediate control at the time of the arrest. Chimel v. California, 395 U.S. 752, 763 (1969).

The defendant's actions as described above, coupled with the fact that a loaded silver .22 caliber Jennings handgun was found underneath the dark colored vehicle, provided the officers with the requisite probable cause to arrest the defendant.

WHEREFORE, the government respectfully requests that defendant's motion to suppress

physical evidence and statements be denied.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN
                    United States Attorney
                    Bar No. 451058

                    _____
                    Catherine K. Connelly
                    Assistant United States Attorney
                    Narcotics Section, Mass.  Bar No. 649430
                    555 4th Street, N.W.  #4844
                    Washington, DC 20001
                    Phone: 616-3384
                    Fax: 353-9414

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 20th day of March, 2006.

                    _____
                    Catherine Connelly
                    Assistant United States Attorney

3