UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-213 (EGS) |
| | : | |
| v. | : | |
| | : | |
| CHARLES TUCKER | : | |

**SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this supplement to its opposition to defendant's motion to suppress physical evidence. The government relies upon the points and authorities set out in this memorandum and in its initial opposition to defendant's motion, and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially the following: on May 4, 2005, at approximately 4:40 p.m., members of the Metropolitan Police Department's Sixth District Focus Mission Team were on patrol in southeast Washington, DC. When the team arrived in the 5000 block of D Street, SE, Officers Sepulveda and Siegel saw the defendant, Charles Tucker, pull a silver object from his waistband and lean down next to a dark vehicle. As the defendant leaned over, the officers heard a loud clinking noise, as if metal was hitting concrete. The defendant then stood up quickly and kicked the object he had just placed next to the car. The defendant was stopped, and Officer Royster located a silver .22 caliber Jennings handgun underneath the dark colored vehicle. The handgun was loaded with 6 rounds of .22 caliber ammunition.

**Argument**

In addition to the government's position that the officers had reasonable, articulable suspicion to stop the defendant, and that the officers had probable cause to arrest the defendant, as expressed in the government's opposition to defendant's motion to suppress physical evidence, the government also notes that the defendant does not have standing to object to the seizure of the firearm.

The defendant must establish as a threshold burden that he has standing to suppress the evidence seized. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978). In order to sustain his burden, the defendant must establish that he had a legitimate expectation of privacy in the area searched or a proprietary interest in the property seized. United States v. Zabalaga, 834 F.2d 1062, 1065 (D.C. Cir. 1987); United States v. Williams, 194 F.3d 100, 109 (D.C. Cir. 1999); United States v. Gale, 136 F.3d 192, 195 (D.C. Cir. 1998).

In this case, the defendant clearly does not have a legitimate expectation of privacy in the area searched or the item seized. The firearm was located on the ground underneath a car that was parked on the street in the 5000 block of D Street, SE. Moreover, the firearm was located in an area that was open and visible to the public.[1] Accordingly, the defendant has no standing to challenge the recovery of the seized firearm.

---

[1] The officers lawfully seized the firearm which was in plain view. See Horton v. California, 496 U.S. 128, 142 (1990) (an item may be seized when the officer has not violated the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, the incriminating character of the evidence is immediately apparent, and the officer has a lawful right to access the object).

WHEREFORE, the government respectfully requests that defendant's motion to suppress physical evidence be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Federal Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 8th day of May, 2006.

_____
Catherine Connelly
Assistant United States Attorney