UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NOS. | 04-047 (EGS) & |
| | : | | 05-213 (EGS) |
| v. | : | | |
| | : | | |
| CHARLES TUCKER | : | | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT
AND SECOND AMENDED MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(b)(2) of the Sentencing Guidelines, to adjust the defendant's offense level down one level reflecting the defendant's early plea of guilty in this matter, which permitted the government to avoid preparing for trial and permitted the court to allocate its resources efficiently. The United States also submits this memorandum in aid of sentencing.

**I.     BACKGROUND**

In case 04-047, the defendant was charged in a one count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). On October 6, 2004, the defendant pled guilty to the indictment. At that time the defendant admitted to the following: on January 7, 2004, at approximately 1:45a.m., in front of 1716 West Virginia Avenue, N.E., Washington, D.C., the defendant was stopped by members of the Metropolitan Police Department. The defendant stated to the officers, "man I got a gun on me." Officers seized a FEG .45 caliber semi-automatic handgun, serial number AA005197, loaded with 9 live rounds of .45 caliber ammunition, from the defendant's waistband. The firearm and ammunition

were transported from another state into the District of Columbia on or before January 7, 2004. The firearm and ammunition were operable, as established by the test fire certifications.

The defendant admitted that at the time of this offense he had already been convicted of two crimes punishable by imprisonment for a term exceeding one year: 1) Prince George's County, Maryland Case No. CT001215X, a crime of violence, that is, Reckless Endangerment, and 2) Prince George's County, Maryland Case No. CT010865X, a controlled substance offense, that is, Possession with the Intent to Distribute Cocaine. The defendant further admitted that he was on probation and within two years of release from prison at the time he committed this offense.

After entering his guilty plea, the defendant was released on personal recognizance. The defendant's sentencing was continued a number of times while the parties awaited the Supreme Court's decision in <u>United States v. Booker</u>. On March 18, 2005, a status hearing was scheduled. Prior to this hearing, Pretrial Services filed a report indicating that the defendant was not in compliance with his release conditions. Specifically, the report noted that the defendant had failed to report to Pretrial on six separate occasions, and had been arrested in Prince George's County, Maryland, for possessing a handgun. The defendant was initially present in the courtroom, but he fled before the Court took the bench. In the defendant's absence the Court revoked the defendant's bond and issued a bench warrant for the defendant's arrest. The defendant remained at large until he was arrested on May 5, 2005, in Washington, DC. At that time, the defendant was again found to be in unlawful possession of a firearm.

In case 05-213, the defendant was charged in a one count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by

Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). On July 20, 2006, the defendant pled guilty to the indictment in that matter. At that time the defendant admitted to the following: on May 4, 2005, members of the Metropolitan Police Department's Sixth District Focus Mission Team were on patrol in southeast Washington, DC. When the team arrived in the 5000 block of D Street, SE, at approximately 4:40 pm, they saw the defendant, Charles Tucker, pull a silver object from his waistband and lean down next to a dark vehicle. As the defendant leaned over, officers heard a loud clinking noise, as if metal was hitting concrete. The defendant then stood up quickly and kicked the object he had just placed next to the car. The defendant was stopped, and officers located a silver .22 caliber Jennings handgun underneath the dark colored vehicle. The handgun was loaded with 6 rounds of .22 caliber ammunition. The defendant had the firearm on his person prior to dropping it underneath the car.

The defendant knowingly and intentionally possessed the .22 caliber Jennings firearm and the .22 caliber ammunition found in the firearm. The .22 caliber Jennings firearm was test fired and found to be operable. The .22 caliber Jennings firearm and the .22 caliber ammunition found in the firearm traveled from another state into the District Columbia on or before May 4, 2005.

The defendant admitted that at the time he committed this offense, he had the following criminal convictions: Possession with the Intent to Distribute Cocaine (Prince George's County, Maryland, case number CT010865X), Reckless Endangerment and Wearing a Handgun ((Prince George's County, Maryland, case number CT01001215X). Furthermore, at the time he committed this offense Tucker was pending sentencing in case 04-047.

## II. SENTENCING CALCULATION

### A. Statutory Minimums and Maximums

Pursuant to 18 United States Code § 924(a)(2), the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release.

### B. Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Second Presentence Report ("PSR2") calculates the defendant's total offense level at 26. See PSR2 ¶ 45. (This calculation contemplates a three level departure for acceptance of responsibility and adjustments for the multiple counts charged.) The PSR calculates the defendant's criminal history as Category V. See PSR2 ¶ 53. Therefore, the PSR calculates the guideline range for the defendant at 110 to 137 months. See PSR2 ¶ 86.

## III. GOVERNMENT'S RECOMMENDATIONS

### A. Acceptance of Responsibility

The government agrees that the defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea early enough in the proceedings to avoid the government's having to prepare for trial, and he appears to have met the requirements of Section 3E1.1 with respect to cooperating in the pre-sentence investigation. Accordingly, we are moving the Court to grant the additional one level decrease in base offense level provided for in that Guideline provision.

### B. Application of the Federal Guidelines post-Booker

The government addressed the applicability of the federal sentencing guidelines in its

Amended Memorandum in Aid of Sentencing in case 04-047. As such, the government will not revisit that issue here, but will simply adopt its prior argument on this issue, noting that no unusual circumstances exist that warrant an exception to the preference for guideline sentencing. Therefore, the government respectfully recommends that the Court sentence the defendant within the Federal Guidelines range calculated in the Second Presentence Report.

  C. <u>Basis for Government's Sentencing Recommendation</u>

The defendant has received a substantial benefit from this plea, and all the leniency he should receive is encompassed in the plea. The defendant received a three point decrease in his offense level as a result of his acceptance of responsibility. The defendant squandered the opportunity he had while on release in case 04-047 by failing to report to Pretrial Services while on release, absconding from the courtroom prior to the March 18, 2005 status hearing, and picking up not one, but two new charges while on release in this case. (The defendant was arrested in Prince George's County, Maryland, on March 8, 2005, and charged with possession of a handgun.)

Furthermore, as noted above, the defendant failed to appear for the March 18, 2005 status hearing scheduled in case 04-427. In fact, he did come to court that day, but upon learning that a serious non-compliance report had been filed with the Court, the defendant fled. Specifically, the report noted that the defendant failed to report to Pretrial Services on six separate occasions, and had been arrested in Prince George's County, Maryland, for possession of a firearm, virtually the same offense for which he was pending sentencing before this Court.

Despite the defendant's young age, these cases represent his fifth and six criminal convictions. He has a prior conviction involving a firearm, he was on probation in two cases

when he committed the instant offenses, and, most disturbing, he was on release pending sentencing in case 04-047 when he committed the offense in case 05-213.  He also committed the instant offenses within two years of his release from custody for sentences imposed in two of his prior cases.  Despite all the opportunities the defendant has had to learn from his mistakes, and to make better choices, he arms himself again and again, thereby endangering the citizens of the District and the surrounding areas.  This Court is well aware of the damage caused in this community by illegal firearms.  Between January 1, 2006, and October 10, 2006, one hundred eleven people in the District of Columbia were killed by gun violence.  Of the one hundred eleven victims, 12 were juveniles.

       The defendant's prior criminal history, the offenses for which he now stands before this Court, and the behavior he exhibited while pending sentence in 04-047, show a blatant disregard not only for the law, but also for this Court.  Accordingly, the government believes that the defendant should be sentenced to a term of 137 months of incarceration, which constitutes a sentence at the high end of the Guideline range.

IV.     **CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the defendant to 137 months of incarceration.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

                _____
                Catherine K. Connelly
                Assistant United States Attorney
                Major Crimes Section, Mass.  Bar No. 649430
                555 4th Street, N.W.  #4844
                Washington, DC 20001
                Phone: 616-3384
                Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 25th day of October, 2006.

                _____
                Catherine Connelly
                Assistant United States Attorney