UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :    CRIMINAL NOS.
                                :        05-213 (EGS)
        v.                      :
                                :
CHARLES TUCKER                  :

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to Defendant's Motion for Sentence Reduction. For the reasons set forth below, defendant's motion should be summarily denied.

I.    **BACKGROUND**

In case 04-047, the defendant was charged in a one count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). While pending sentencing in that case (and, in fact, while on bench warrant status in that case), the defendant was arrested with another gun, and thus in case 05-213, was again charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). The defendant pled guilty in both cases, and on October 26, 2006, was sentenced in case 04-47 to 84 months incarceration, and in case 05-23 the defendant was sentenced to 110 months of incarceration. These sentences were to be served concurrently. As such, the total period of incarceration imposed was 110 months. On November 14, 2006, the defendant sent a two page letter to the Court, styled as a "Motion 35B" "Motion for Sentence Reduction."

1

## II.  ARGUMENT

The Court should summarily deny defendant's Motion on jurisdictional grounds.  The defendant styled his motion as a "Motion 35B" - presumably referring to Federal Rule of Criminal Procedure 35(b).  However, Rule 35(b) pertains only to reductions in sentence based upon substantial assistance to the government.  The defendant in the case now before the Court has provided no assistance to the government.  Furthermore, the language of Rule 35(b) makes clear that a motion for reducing a sentence for substantial assistance must be made by the government, not the defendant.  See Fed. R. Crim. P. 35(b) "Upon the government's motion . . . .")

As such, the only way to review the defendant's motion is as a request for leniency.  However, the sentence imposed was just and appropriate under all the circumstances.  In case 04-47, the defendant admitted to the following: on January 7, 2004, at approximately 1:45a.m., in front of 1716 West Virginia Avenue, N.E., Washington, D.C., the defendant was stopped by members of the Metropolitan Police Department.  The defendant stated to the officers, "man I got a gun on me."   Officers seized a FEG .45 caliber semi-automatic handgun, serial number AA005197, loaded with 9 live rounds of .45 caliber ammunition, from the defendant's waistband.

At the time of this offense the defendant had already been convicted of two crimes punishable by imprisonment for a term exceeding one year: 1) Prince George's County, Maryland Case No. CT001215X, a crime of violence, that is, Reckless Endangerment, and 2) Prince George's County, Maryland Case No. CT010865X,  a controlled substance offense, that is, Possession with the Intent to Distribute Cocaine.  The defendant was also on probation and

within two years of release from prison at the time he committed this offense.

After entering his guilty plea in case 04-47, the defendant was released on personal recognizance. The defendant's sentencing was continued a number of times while the parties awaited the Supreme Court's decision in United States v. Booker. On March 18, 2005, a status hearing was scheduled. Prior to this hearing, Pretrial Services filed a report indicating that the defendant was not in compliance with his release conditions. Specifically, the report noted that the defendant had failed to report to Pretrial on six separate occasions, and had been arrested in Prince George's County, Maryland, for possessing a handgun. The defendant was initially present in the courtroom, but he fled before the Court took the bench. In the defendant's absence the Court revoked the defendant's bond and issued a bench warrant for the defendant's arrest. The defendant remained at large until he was arrested on May 5, 2005, in Washington, DC. At that time, the defendant was again found to be in unlawful possession of a firearm, which lead to case 05-213.

In case 05-213, the defendant was charged in a one count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). On July 20, 2006, the defendant pled guilty to the indictment in that matter. At that time the defendant admitted to the following: on May 4, 2005, members of the Metropolitan Police Department's Sixth District Focus Mission Team were on patrol in southeast Washington, DC. When the team arrived in the 5000 block of D Street, SE, at approximately 4:40 pm, they saw the defendant, Charles Tucker, pull a silver object from his waistband and lean down next to a dark vehicle. As the defendant leaned over, officers heard a loud clinking noise, as if metal was

hitting concrete.  The defendant then stood up quickly and kicked the object he had just placed next to the car.  The defendant was stopped, and officers located a silver .22 caliber Jennings handgun underneath the dark colored vehicle.  The handgun was loaded with 6 rounds of .22 caliber ammunition.  The defendant had the firearm on his person prior to dropping it underneath the car.

The Guidelines calculation utilized in the Second Presentence Report ("PSR2") calculated the defendant's total offense level at 26.  See PSR2 ¶ 45.  (This calculation contemplated a three level departure for acceptance of responsibility and adjustments for the multiple counts charged.)  The PSR calculated the defendant's criminal history as Category V.  See PSR2 ¶ 53.  Therefore, the PSR calculated the guideline range for the defendant at 110 to 137 months.  See PSR2 ¶ 86.

As the government noted in its Memorandum in Aid of Sentencing, the defendant received a substantial benefit from his plea, in that he received a three point decrease in his offense level as a result of his acceptance of responsibility.  The defendant squandered the opportunity he had while on release in case 04-047 by failing to report to Pretrial Services while on release, absconding from the courtroom prior to the March 18, 2005 status hearing, and picking up not one, but two new charges while on release in this case. (The defendant was arrested in Prince George's County, Maryland, on March 8, 2005, and charged with possession of a handgun.)

Furthermore, as noted above, the defendant failed to appear for the March 18, 2005 status hearing scheduled in case 04-427.  In fact, he did come to court that day, but upon learning that a serious non-compliance report had been filed with the Court, the defendant fled.  Specifically, the

report noted that the defendant failed to report to Pretrial Services on six separate occasions, and had been arrested in Prince George's County, Maryland, for possession of a firearm, virtually the same offense for which he was pending sentencing before this Court.

Despite the defendant's young age, these cases represent his fifth and six criminal convictions. He has a prior conviction involving a firearm, he was on probation in two cases when he committed the instant offenses, and, most disturbing, he was on release pending sentencing in case 04-047 when he committed the offense in case 05-213. He also committed the instant offenses within two years of his release from custody for sentences imposed in two of his prior cases. Despite all the opportunities the defendant has had to learn from his mistakes, and to make better choices, he arms himself again and again, thereby endangering the citizens of the District and the surrounding areas.

The defendant's prior criminal history, the offenses for which he was sentenced in the matters now before this Court, and the behavior he exhibited while pending sentence in 04-047, show a blatant disregard not only for the law, but also for this Court. Given this history, a period of 110 months of incarceration is not inappropriate. Indeed, the government feels that such a sentence is too low, as indicated by its request at sentencing and in its Memorandum in Aid of Sentencing for a sentence at the high end of the defendant's applicable guidelines range.

The defendant's motion offers no information that was not available to the Court when the Court imposed its sentence. The motion merely contains a plea for leniency, and defendant's promise that he will change his life. But defendant was given an opportunity when he was released pending sentencing in case 04-47, and he squandered that opportunity. The sentence imposed by this Court was appropriate and just, and the defendant has not provided a legitimate

reason for disturbing the Court's sentence.

## IV.    **CONCLUSION**

Wherefore, the government respectfully requests that the Court deny the defendant's Motion for Sentence Reduction.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass.  Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414
